06-1918ghmBryantDism.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY F. BRYANT, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1918 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER ON DISMISSAL**

Petitioner Bobby F. Bryant, a state inmate, files this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging two disciplinary convictions. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner's due process claims are without legal merit, the Court will dismiss such claims with prejudice.

**I. BACKGROUND**

Petitioner states that he was found guilty of two false disciplinary convictions regarding theft of food items from the prison kitchen. Petitioner received punishment consisting of reductions in good time earning class, loss of recreational, commissary, and other privileges, cell restriction, and extra duty hours. Petitioner complains that because of his reductions in good time earning class, he effectively lost good time credit toward mandatory supervised release.

## II.  ANALYSIS

Federal habeas relief cannot be had absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  Absent atypical punishment, an inmate does not have a basis for a federal lawsuit concerning a disciplinary action.  *Sandin v. Conner*, 515 U.S. 472, 486 (1995).  Punishments of cell restrictions, extra duty hours, or loss of commissary, recreational, and other privileges are not atypical punishments requiring due process protections.  Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

In Texas, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.  *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison,* 104 F.3d at 768; *Orellana*, 65 F.3d at 31-33.  Punishment consisting of loss of opportunity to earn good time, however, is insufficient to trigger the protection of the Constitution.  *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good time credits)*; Malchi*, 211 F.3d at 959 (right to particular time-earning status).  Because the disciplinary sanctions imposed in this case did not deprive petitioner of a protected liberty interest, his claims do not implicate due process concerns.  Accordingly, no cognizable basis for habeas relief is shown.

### III.  CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on this the 27th day of June, 2006.

_____
Gray H. Miller
United States District Judge